UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| MATTHEW KURTENBACH, | CIV. 21-01009-JLV |
| Plaintiff, | |
| vs. | ORDER GRANTING PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING SERVICE OF THE COMPLAINT |
| CODINGTON COUNTY, a political subdivision of the State of South Dakota; REBECCA MORLOCK-REEVES, Codington County State's Attorney in her individual and official capacity; REBECCA JUND, Assistant Codington County State's Attorney in her individual and official capacity; BRAD HOWELL, Codington County Sheriff in his individual and official capacity; and CARMEN MEANS, Circuit Judge, Third Judicial Circuit of South Dakota in her official capacity, | |
| Defendants. | |

On March 23, 2021, plaintiff Matthew Kurtenbach, filed a *pro se* lawsuit under 42 U.S.C. § 1983. (Docket 1). At the time of filing this action, Mr. Kurtenbach was confined at Yellow Medicine County jail in Granite Falls, Minnesota. (Docket 1-1). He is now confined at a correctional facility in St. Cloud, Minnesota. (Docket 6). Mr. Kurtenbach moves to proceed *in forma pauperis* and provided a copy of his prisoner trust account report. (Dockets 2 & 3).

The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners to make an initial partial filing fee payment when possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)    the average monthly deposits to the prisoner's account;

       or

(B)    the average monthly balance in the prisoner's account
       for the 6-month period immediately preceding the filing
       of the complaint or notice of appeal.

In support of his motion, plaintiff provided a copy of his prisoner trust account report signed by an authorized prison officer. (Docket 3). The report shows an average monthly deposit for the past six months of $0.17, an average monthly balance for the past six months of $0.17, and a current balance of $0.00. Id. In light of this information, the court finds plaintiff is not required to make an initial partial filing fee.

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not

2

only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Mr. Kurtenbach claims the defendants violated his Sixth Amendment right to a speedy trial and seeks injunctive and declaratory relief as well as money damages. (Docket 1 at pp. 2-5). In Kurtenbach v. Howell, the court found Mr. Kurtenbach's "Sixth Amendment rights to speedy trials ha[ve] been violated" in his state criminal cases, 14CRI19-000559 and 14CRI20-000543. Kurtenbach v. Howell, No. CV-20-1023, 2020 WL 7695578, at *6 (D.S.D. Dec. 28, 2020). The court concludes Mr. Kurtenbach's complaint does not appear to be either frivolous or fail to state a claim upon which relief may be granted. Whether the complaint has merit is a question which cannot be resolved until after defendants file an answer or some other responsive pleading.

## ORDER

Accordingly, it is

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that, upon receipt of the completed summons and USM-285 form for each defendant, the Clerk of Court will issue a summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed. The United States Marshal shall serve the completed summons with a copy of the complaint and this order upon the defendants. The United States will advance the costs of service.

IT IS FURTHER ORDERED that defendants shall serve and file an answer or responsive pleading to the complaint, together with a legal brief or

memorandum in support, on or before twenty-one (21) days following the date of service.

IT IS FURTHER ORDERED that the institution having custody of plaintiff is hereby directed that, whenever the amount in his trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2) until the filing fee of $350 is paid in full.

Dated April 12, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

4