UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| MATTHEW KURTENBACH,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CODINGTON COUNTY, a political subdivision of the State of South Dakota; REBECCA MORLOCK-REEVES, Codington County State's Attorney in her individual and official capacity; REBECCA JUND, Assistant Codington County State's Attorney in her individual and official capacity; BRAD HOWELL, Codington County Sheriff in his individual and official capacity; and CARMEN MEANS, Circuit Judge, Third Judicial Circuit of South Dakota in her official capacity,<br><br>　　　　　　　Defendants. | CIV. 21-01009-JLV<br><br><br>ORDER |

　　　　Defendant Carmen Means filed a motion to dismiss together with a legal memorandum, an affidavit and two exhibits. (Dockets 20-22 and 22-1 through 22-2). The court granted plaintiff Matthew Kurtenbach two extensions within which to file plaintiff's response to Ms. Means' motion to dismiss. (Dockets 27 & 29). The last order required Mr. Kurtenbach to file his response by October 18, 2021. (Docket 29). On October 18, 2021, Mr. Kurtenbach filed a motion for partial dismissal. (Docket 32). Plaintiff's motion seeks dismissal of the complaint against Ms. Means. Id.

Once an answer, motion for summary judgment or motion to dismiss is filed by a party, an adverse party seeking dismissal of its claim against the movant may only do so in accord with Fed. R. Civ. P. 41(a)(2). "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Id. "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987). The court's ruling is reviewed for abuse of discretion. Id. at pp. 782-83. In a Rule 41(a)(2) inquiry, the court is required to determine "whether a party has presented a proper explanation for its desire to dismiss." Donner v. Alcoa, Inc., 709 F.3d 694, 699 (8th Cir. 2013) (internal quotation marks and citation omitted). Plaintiff's motion to dismiss asserts his incarceration in Minnesota and lack of access to a law library interfere with his ability "to provide a meaningful response to the motion to dismiss." (Docket 32 at p. 1).

The complaint alleges defendant Carmen Means, a South Dakota Circuit Court judge, violated Mr. Kurtenbach's constitutional right to speedy trial under the Sixth Amendment. (Docket 1 ¶ 19). Mr. Kurtenbach seeks a declaratory judgment and injunction against Judge Means to prohibit her from engaging in similar conduct in the future. Id. ¶ 21. By plaintiff's own filings it is clear Mr. Kurtenbach is no longer a detainee or sentenced defendant in the Codington County, South Dakota, jail as a result of any alleged conduct of the state court judge. (Dockets 10, 12-13, 26, 28, & 32).

"Section 1983 provides that 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" Justice Network Inc. v. Craighead County, 931 F.3d 753, 763 (8th Cir. 2019) (citing 42 U.S.C. § 1983). "In other words, judicial immunity typically bars claims for prospective injunctive relief against judicial officials acting in their judicial capacity. Only when a declaratory decree is violated or declaratory relief is unavailable would plaintiff[] have an end-run around judicial immunity." Id. (internal citation and quotation marks omitted). "[D]eclaratory relief is limited to prospective declaratory relief." Id.

Mr. Kurtenbach's complaint seeks prospective declaratory relief as he seeks to invalidate the future actions of Judge Means. That relief is available under § 1983. Id. But Mr. Kurtenbach has no standing to claim the relief sought. One essential aspect of the "Cases" or "Controversies" requirement of Article III of the Constitution "is that any person invoking the power of a federal court must demonstrate standing to do so." Hollingsworth v. Perry, 133 S. Ct. 2652, 2661 (2013). To the extent Mr. Kurtenbach alleges the practices of Judge Means set out in his complaint violated the rights of others, he lacks standing to bring such a claim. See Hodak v. City of St. Peters, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may only assert his own injury in fact and cannot rest his claim to relief on the legal rights or interests of third parties.") (internal quotation marks omitted).

The court finds Mr. Kurtenbach filed his motion to dismiss Judge Means from the complaint to avoid an adverse decision on defendant's motion to dismiss.  Donner, 709 F.3d at 697 ("a party is not permitted to dismiss merely to escape an adverse decision[.]"); Blaes v. Johnson & Johnson, 858 F.3d 508, 514 (8th Cir. 2017) ("[I]t was an abuse of discretion when the district court failed to consider whether a motion to dismiss was being used for the improper purpose of avoiding an unfavorable ruling[.]").  The court concludes dismissal of Mr. Kurtenbach's complaint against defendant Means must be with prejudice.  Fed. R. Civ. P. 41(a)(2).

Accordingly, it is

IT IS ORDERED that defendant Carmen Means' motion to dismiss (Docket 20) is granted.

IT IS FURTHER ORDERED that the complaint (Docket 1) as it relates to defendant Carmen Means is dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiff Kurtenbach's motion to dismiss defendant Carmen Means (Docket 32) is denied as moot.

Dated November 1, 2021.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                UNITED STATES DISTRICT JUDGE